UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA STELZER,<br><br>  Plaintiff,<br><br>  v.<br><br>CARMAX AUTO SUPERSTORES CALIFORNIA, LLC,<br><br>  Defendant. | Case No. 13-cv-1788 BAS (JMA)<br><br>**ORDER *SUA SPONTE* REMANDING CASE TO STATE COURT** |

On August 1, 2013, Defendant Carmax Auto Superstores California, LLC removed this case from state court pursuant to 28 U.S.C. § 1332. On the merits, it is likely that Plaintiff Cynthia Stelzer's Amended Complaint would be dismissed for the same reasons similar complaints have been dismissed in other cases and for failure to comply with the court's order granting Defendant's motion to dismiss. ECF 19; *See, e.g.*, *Chulick-Perez v. Carmax Auto Superstores California, LLC*, 2:13-CV-02329-TLN, 2014 WL 2154479 (E.D. Cal. May 22, 2014).

However, this Court cannot reach the merits of the claim because the amount

in controversy does not reach the statutory minimum of $75,000, required for diversity jurisdiction under 28 U.S.C. § 1332.

The Court must reevaluate the previous decision (ECF 18) to deny remand in light of newly revealed evidence that Defendant contemplated and subsequently did repurchase the vehicle in question, significantly reducing the potential amount in controversy.

## I.   LEGAL STANDARD

A defendant can remove any action filed in state court over which federal courts have original jurisdiction. 28 U.S.C. 1441(a).  That said, the removal statute is strictly construed against removal, and "[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The propriety of removal turns on whether the case could have originally been filed in federal court, *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997), and the Court's analysis must focus on the pleadings "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

## II.   DISCUSSION

Stelzer previously contested diversity jurisdiction. ECF 12.  At the time, the facts supported federal jurisdiction.  ECF 18.  However, the facts regarding the amount in controversy have changed, and therefore that legal analysis must be revisited.

CarMax argues that the amount in controversy exceeds $75,000 for two reasons: the injunctive relief sought, which it values at $350,000, and the potential attorney's fees, which it values at $77,400.

### a) Amount in Controversy

When a complaint filed in state court affirmatively alleges that the amount in controversy is less than the jurisdictional threshold of $75,000, the party seeking removal must prove to a "legal certainty" that the threshold is met. *Tele Munchen Fernseh GMBH & Co. v. Alliance Atlantis Int'l Distrib, LLC*, 2013 WL 6055328 at *2 (C.D. Cal. Nov. 15, 2013) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)). But, when it's unclear or ambiguous from the face of a complaint whether the jurisdictional threshold is met, a "preponderance of the evidence" standard applies. *Id.*; *see also Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

The court looks to the complaint filed in state court, not to an amended complaint filed after removal. *See Heichman v. American Tel. & Tel. Co.*, 943 F.Supp. 1212, 1216–17 (C.D.Cal. 1995); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). While "[i]t is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction[,]" *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007),[1] later events may clarify a previously uncertain jurisdictional issue. *See Asociacion Nacional de Pescadores v. Dow Quimica* 988 F.2d 559 (5th Cir.1993) *cert. denied,* 510 U.S. 1041 (1994); *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)).

The claimed amount in controversy cannot be based upon speculation and conjecture. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). Rather, the Court can consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," including declarations and affidavits. *Id.* at 1090. However, the court may also accept a

---

[1] (citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 346, 357 (1988).

1  plaintiff's decision to "sue for less than the amount she may be entitled to if she
2  wishes to avoid federal jurisdiction and remain in state court." *Lowdermilk v. U.S.*
3  *Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007). [2]

4  In an action by a single plaintiff against a single defendant, all claims can be
5  aggregated and can include special and general damages, punitive damages, and
6  attorneys' fees. *Campbell v. Hartford Life Ins. Co*, 825 F.Supp.2d 1005, 1008
7  (E.D.Cal. 2011).

### 1. Actual and Punitive Damages

Here, actual damages are pled with specificity. Stelzer, in her Statement of Actual and Punitive Damges, claimed $32,000 in punitive damages and $40,000 in actual damages. The Court will give Stelzer the benefit of the doubt and assume she meant $40,000 for punitive damages, as her remand brief makes clear that the $32,000 amount is for actual damages and the $40,000 amount is for punitives. ECF 12, 5.

Stelzer states she agreed in principle to repurchase on July 2, 2013. ECFs 31 ¶ 11, 30-1 ¶ 8. This statement is corroborated by Exhibit 2 to Daniel Bloor's Declaration, which contains an email stating, "CarMax agrees to provide your client with full restitution as a correction to satisfy her claim for damages under the CLRA and her claim under the Song Beverly Act." ECF 30-1, 12.

Thus, only the $40,000 in punitive damages remains in contention. Under *Lowdermilk*, Stelzer can stipulate to a lower damages award, and thus her limitation of punitive relief to $40,000 is accepted.[3]

---

[2] *Lowdermilk*'s reasoning still seems applicable when the action does not involve a class. Suing for a lower amount is overruled in the class-action context by *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct 1345 (2013) because "[t]hat principle is not viable in actions involving absent class members." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (examining *Standard Fire*). However this logic, and therefore ruling, seems to only apply for class actions.

[3] In any case, CarMax does not rebut these damages to a legal certainty.

### 2. Attorney's Fees

It is unsettled in the Ninth Circuit whether attorneys' fees incurred after the date of removal are included in the amount in controversy. *Curtean Garland v. WinCo Holdings, Inc.*, 2013 WL 3479563 at *2 (D. Or. July 8, 2013). The court previously decided that fees after the date of removal are not included in the amount in controversy, citing *Wastier v. Schwan's Consumer Brands*, 2007 WL 4277552 at *3 (S.D. Cal. Dec. 5, 2007). The Court will continue to adhere to this determination. At most, attorneys' fees in this case amount to CarMax's $1,200 estimate for the "Case Intake and Claim Generation Phase" of this case, which would cover everything up through removal.[4] and the presence of identical complaints filed by Stelzer's counsel in other cases. ECF 14-4, Edwards Decl., 11. "This makes CarMax's estimate of $77,400 wildly excessive." ECF 18, 9:23 (citing ECF 14-4, Edwards Decl., 18). The preponderance of the evidence supports at most $1,200 in controversy as attorneys' fees in this case, bringing the aggregated total of punitive damages and attorneys' fees to $41,200.

### 3. Injunctive Relief

The Supreme Court has established that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (U.S.N.C. 1977). As early as 1916, it was "settled doctrine" that separate and distinct claims cannot be aggregated to meet the jurisdictional amount. *Pinel v. Pinel*, 240 U.S. 594 (cited by *Snyder v. Harris*, 394 U.S. 332, 337 (1969)). Even in the case of a joined lawsuit, "various fee payers could not be aggregated[.]" *Snyder*, 394 U.S. at 337. In *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939), this logic was applied to class actions challenging a $15 fee on automobiles within California. These claims, even though the numerous

---

[4] It is likely that the fees were even lower because Stelzer's counsel appears to use a form complaint. *See Lee v. CarMax*, 13-CV-7648-MWF-VBK (C.D. Cal. 2013).

1   plaintiffs were all joined in the lawsuit, could not be aggregated because "there are
2   numerous plaintiffs having no joint or common interest or title in the subject matter
3   of the suit." *Id* at 588 (cited by *Snyder*, 394 U.S. at 337).

4   In the Ninth Circuit, this rule on money damages is extended to injunctive
5   relief based on an "either viewpoint" rule. *Ridder Bros. Inc., v. Blethen*, 142 F.2d
6   395, 399 (9th Cir. 1944). Under this rule, either the plaintiff's potential recovery
7   or the potential cost to the defendant of complying with the injunction must exceed
8   the jurisdictional threshold. *See In re Ford Motor Co./Citibank (South Dakota),
9   N.A.*, 264 F.3d 952 (9th Cir. 2001).[5] However, the Ninth Circuit has specifically
10  and repeatedly declined to extend the either viewpoint rule to class action claims
11  seeking equitable relief because it would permit plaintiffs with minimal damages to
12  "dodge the non-aggregation rule by praying for an injunction." *See id.* (quoting
13  *Snow v. Ford Motor Co.*, 561 F.2d 787, 791 (9th Cir. 1977).

14  Because the cost of the injunction is not specifically pled in the complaint,
15  the preponderance of evidence standard under *Lowdermilk* applies. This Court
16  finds that presenting an already-produced document to a buyer would consume, at
17  most, minutes of time for each customer. Assuming that CarMax's high-end
18  assumptions that it would need to expend an extra 2 minutes 27 seconds per
19  customer at $27 per hour in wages, it would cost CarMax a little over $1.10 to
20  provide a buyer with an inspection report. *See* ECF 30, Schlicter Decl., 10 ¶ 18.
21  When CarMax initially changed its certificate policy, it "simply" sent an email to
22  employees. ECF 31, Rosner Decl. 2 ¶ 10. This may add as much as an hour or

---

[5] Some circuits follow the "plaintiff-viewpoint" rule, which measures the value of the litigation "solely from the plaintiff's perspective." *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.,* 120 F.3d 216, 218–19 (quoted by *Campbell v. Gen. Motors Corp.*, 19 F. Supp. 2d 1260, 1266 (N.D. Ala. 1998)). *Campbell* found no aggregation of a class's claims for injunctive relief against General Motors, in part based on the plaintiff-viewpoint rule. As discussed, the either viewpoint rule's scope is limited in class actions or class action-like circumstances, leading to a similar—but not identical—amount in controversy under either analysis.

two to draft in a small committee.

The object of the litigation, here, is to enjoin CarMax from wrongfully failing to provide a certificate. Hypothetically, CarMax might be wronging all of its purchasers, creating an ever-growing aggregate claim. If CarMax extended out its time frame far enough and assumed continued hardship, even an incredibly minor loss could create an amount in controversy above any threshold set by law. This is clearly an inappropriate interpretation of the intentionally limited scope of diversity jurisdiction and an undermining of the Ninth Circuit's precedent disfavoring aggregation. Instead, the Court must first look to the plaintiff's potential gain and then the potential loss to the defendant, but only as its loss relates to the plaintiff in the case. Thus, the fixed cost of implementing the policy change and the particular cost to provide one plaintiff with the required report is the proper valuation of the injunction.

Accordingly, the amount in controversy added from the injunction barely moves the needle from the $41,200 for punitive damages and attorney's fees. The Court finds that the preponderance of the evidence supports an amount in controversy of $41,471.11. Any concessions from Seltzer or CarMax regarding the amount in controversy are not a valid basis for federal jurisdiction. *See Heichman*, 943 F.Supp. at 1216. Under either a preponderance of the evidence or legal certainty test, this fails to meet the jurisdictional requirement that the amount in controversy exceed $75,000.

### III. CONCLUSION

For the reasons given above, the court **REMANDS** this matter to state court.

**IT IS SO ORDERED.**

**DATED: July 25, 2014**

Hon. Cynthia Bashant
United States District Judge